UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH SMITH-HARPER, : | |
| : | |
| Plaintiff, : | Civ. No. 15-1254 (RBK) (JS) |
| : | |
| v. : | **OPINION** |
| : | |
| OFFICER KEVIN THURLOW, et al., : | |
| : | |
| Defendants. : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

The plaintiff is a state prisoner currently incarcerated at the South Woods State Prison in Bridgeton, New Jersey.  He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983 that was filed in February, 2015.  His application to proceed *in forma pauperis* was previously granted.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the reasons set forth below, the complaint will be dismissed because, on its face, it is barred by the applicable statute of limitations.  This dismissal will be without prejudice to the filing of an amended complaint (if plaintiff elects to file one) that sets forth an adequate basis for the court to conclude that the statute of limitations was tolled or otherwise does not bar these claims.

## II.     BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff names the following as defendants in this case: (1) Officer Kevin Thurlow – Senior Parole Officer, Atlantic County Parole Office District 8; (2) Sergeant Eric Barton – Supervisor of Parole, Atlantic County Parole Office District 8; and (3) New Jersey State Parole District 8 Office Board Members.

Plaintiff's allegations relate to an incident that occurred at his regularly scheduled parole meeting on August 3, 2011. The night before that meeting, plaintiff was arrested for inappropriately touching a female and charged with fourth degree criminal sexual contact. He reported this arrest to his parole officer the next day at the meeting. Thurlow then came to the meeting and instructed plaintiff to come to his office. Upon arriving at Thurlow's office, plaintiff became afraid because there were other officers, including Barton standing there. Plaintiff alleges that he was then thrown into a chair.

Thereafter, plaintiff claims that Thurlow hit him in his left jaw and subsequently hit him with a combination of punches to his face. Plaintiff states that he was then picked up and thrown against the wall by one of the other officers. This officer rammed his forearm into plaintiff's neck and a female officer rammed plaintiff's head into the wall. Plaintiff also received blows to his ribs and stomach as his arms were pulled backwards and handcuffs placed on him.

Plaintiff alleges that his federal constitutional rights as well as his state law rights were violated by these actions.

### III.  STANDARD OF REVIEW

A. <u>Standard for Sua Sponte Dismissal</u>

Per the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).  That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Fair Wind Sailing, Inc. v. Dempster*, 764

F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed.  Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B.  Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law.  *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

A.   <u>Statute of Limitations</u>

Plaintiff's complaint arises from his altercations with the defendants at his parole meeting on August 3, 2011.  Plaintiff did not file his complaint until February, 2015.  Section 1983 claims are subject to New Jersey's two-year statute of limitations.  *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)).  The date when a cause of action under § 1983 accrues is determined by federal law.  *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Genty v. Resolution Trust. Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)).  "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based."  *Id.* (internal quotation marks and citations omitted).  "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury."  *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)).

The acts giving rise to plaintiff's claims occurred on August 3, 2011.  *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (excessive force claims typically accrue on the date of the assault because the plaintiff would have reason to know of the injury at that point) (citing *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998)).  The two-year Section 1983 statute of limitations began to run on August 3, 2011, and expired on August 3, 2013.  Plaintiff's complaint was filed in February, 2015, or approximately 1.5 years after the Section 1983 statute of limitations expired.

Plaintiff's state law claims are also governed by a two-year statute of limitations.  *See Brown v. City of Newark*, No. 09-3752, 2010 WL 1704748, at *4 (D.N.J. Apr. 26, 2010) (stating

5

that although New Jersey Civil Rights Act does not contain an express statute of limitations, language of New Jersey's generally-applicable personal injury statute combined with Act's similar purpose and design to Section 1983 convinces Court that two-year statute of limitations applies) (citing *Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety*, No. 02-5470, 2007 WL 1038920, at *3 (D.N.J. Mar. 29, 2007)).  Accordingly, plaintiff's state law claims also are untimely.

With respect to whether the statute of limitations should be tolled, "'[s]tate law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled.'"  *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010) (quoting *Dique*, 603 F.3d at 185). New Jersey sets forth certain bases for "statutory tolling." *See, e.g.*, N.J. STAT. ANN. § 2A:14-21 (detailing tolling because of minority or insanity); N.J. STAT. ANN. § 2A:14-22 (detailing tolling because of non-residency of persons liable).  Nevertheless, the complaint as pled does not allege any basis for statutory tolling.

Additionally, New Jersey "permits equitable tolling where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum."  *Cason v. Arie Street Police Dep't*, No. 10-0497, 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (citing *Freeman v. State*, 347 N.J. Super. 11, 31 (N.J. Sup. Ct. App. Div. 2002)).  Plaintiff states in his complaint that it took him this long to file this action because he was just informed by another inmate that he had the right to bring a civil rights complaint.  This is insufficient for this Court to warrant equitably tolling the statute of limitations.

It is apparent from the face of the complaint that plaintiff's claims are barred by the statute of limitations and must therefore be dismissed.  *See Ostuni*, 532 F. App'x 111-12 ("Although the running of the statute of limitations is ordinarily an affirmative defense, where the defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.") (citing *Fogle v. Peirson*, 435 F.3d 1252, 1258 (10th Cir. 2006)); *Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007) (per curiam) ("A district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run.").  This dismissal will be without prejudice to the filing of an amended complaint (if plaintiff elects to do so) within thirty days, in which plaintiff may assert any facts that may demonstrate a basis for tolling the applicable statute of limitations.

 B. <u>Request for the Appointment of Counsel</u>

Plaintiff has requested the appointment of counsel.  Indigent persons raising civil rights claims have no absolute right to counsel.  *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).  In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf.  *See id.* at 155-56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144-

45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors).  The power to appoint counsel lies solely with the discretion of this Court. *See Parham*, 126 F.3d at 457.

In this case, plaintiff's request for the appointment of counsel will be denied without prejudice.  As explained above, plaintiff's claims are barred by the statute of limitations such that he has failed to state a claim upon which relief may be granted.  Thus, it follows that his request for the appointment of counsel will be denied at this time as well.

### V.    CONCLUSION

For the foregoing reasons, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted because it is barred on its face by the statute of limitations.  An appropriate order will be entered.


DATED:   May 22, 2015

                                                          s/Robert B. Kugler_____
                                                          ROBERT B. KUGLER
                                                          United States District Judge