**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

KENNETH SMITH-HARPER,                 :
                                      :
            Plaintiff,                :        Civ. No. 15-1254 (RBK) (JS)
                                      :
      v.                              :
                                      :        **OPINION**
OFFICER KEVIN THURLOW, et al.,        :
                                      :
            Defendants.               :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.      INTRODUCTION

Plaintiff is a state prisoner currently incarcerated at the South Woods State Prison in Bridgeton, New Jersey. He is proceeding _pro se_ with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff was previously granted _in forma pauperis_ status. On May 27, 2015, this Court dismissed the complaint without prejudice for failure to state a claim upon which relief may be granted because on its face it was barred by the statute of limitations. Plaintiff was given leave to file a proposed amended complaint that sets forth an adequate basis for this Court to conclude that the statute of limitations was tolled or does not otherwise bar his claims. On July 29, 2015, this Court received plaintiff's proposed amended complaint. Therefore, the Clerk will be ordered to reopen this case.

At this time, the Court must review the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the reasons set forth below, the amended complaint will be dismissed because it is barred by the applicable statute of limitations.

## II.      BACKGROUND

The allegations of the amended complaint will be construed as true for purposes of this screening Opinion. The amended complaint names two defendants:  (1) Kevin Thurlow – Parole Officer; and (2) Eric Barton – Parole Officer. Plaintiff alleges that the defendants assaulted him on August 3, 2011. He requests monetary damages.

## III.      STANDARD OF REVIEW

A. Standard for Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v.*

*Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

Plaintiff's amended complaint arises from his altercation with the defendants on August 3, 2011. Plaintiff did not file his original complaint until February, 2015. As this Court explained in its prior Opinion:

> Section 1983 claims are subject to New Jersey's two-year statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). The date when a cause of action under § 1983 accrues is determined by federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Genty v. Resolution Trust. Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)).
>
> The acts giving rise to plaintiff's claims occurred on August 3, 2011. *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (excessive force claims typically accrue on the date of the assault because the plaintiff would have reason to know of the injury at that point) (citing *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998)). The two-year Section 1983 statute of limitations began to run on August 3, 2011, and expired on August 3, 2013. Plaintiff's complaint was filed in February, 2015, or approximately 1.5 years after the Section 1983 statute of limitations expired.
>
> Plaintiff's state law claims are also governed by a two-year statute of limitations. *See Brown v. City of Newark*, No. 09-3752, 2010 WL 1704748, at *4 (D.N.J. Apr. 26, 2010) (stating that although New Jersey Civil Rights Act does not contain an express statute of limitations, language of New Jersey's generally-applicable personal injury statute combined with Act's similar purpose and design to Section 1983 convinces Court that two-year statute of limitations applies) (citing *Gibson v. Superintendent of N.J. Dep't*

> *of Law & Pub. Safety*, No. 02-5470, 2007 WL 1038920, at *3
> (D.N.J. Mar. 29, 2007)). Accordingly, plaintiff's state law claims
> also are untimely.

*Smith-Harper v. Thurlow*, No. 15-1254, 2015 WL 3401419, at *3 (D.N.J. May 26, 2015). In the

prior Opinion, this Court then laid out certain circumstances whereby the statute of limitations

could be tolled:

> With respect to whether the statute of limitations should be tolled,
> "'[s]tate law, unless inconsistent with federal law, also governs the
> concomitant issue of whether a limitations period should be
> tolled.'" *McPherson v. United States*, 392 F. App'x 938, 944 (3d
> Cir. 2010) (quoting *Dique*, 603 F.3d at 185). New Jersey sets forth
> certain bases for "statutory tolling." *See, e.g.*, N.J. STAT. ANN. §
> 2A:14-21 (detailing tolling because of minority or insanity); N.J.
> STAT. ANN. § 2A:14-22 (detailing tolling because of non-residency
> of persons liable). . . .
>
> Additionally, New Jersey "permits equitable tolling where 'the
> complainant has been induced or tricked by his adversary's
> misconduct into allowing the deadline to pass,' or where a plaintiff
> has 'in some extraordinary way' been prevented from asserting his
> rights, or where a plaintiff has timely asserted his rights mistakenly
> by either defective pleading or in the wrong forum." *Cason v. Arie
> Street Police Dep't*, No. 10-0497, 2010 WL 2674399, at *5 n.4
> (D.N.J. June 29, 2010) (citing *Freeman v. State*, 347 N.J. Super.
> 11, 31 (N.J. Sup. Ct. App. Div. 2002)).

*Smith-Harper*, 2015 WL 3401419, at *3-4.

This Court dismissed the original complaint without prejudice to permit plaintiff to bring

a proposed amended complaint that demonstrated a basis for tolling the applicable statute of

limitations. Plaintiff's proposed amended complaint is completely devoid of any argument

whatsoever that the statute of limitations should not bar his claims. Having given plaintiff the

opportunity to make such an argument, and plaintiff having failed to raise any argument

whatsoever that the statute of limitations does not bar his claims, this Court will dismiss the

amended complaint with prejudice as time-barred.

**V.      CONCLUSION**

For the foregoing reasons, the amended complaint will be dismissed with prejudice for

failure to state a claim upon which relief may be granted as plaintiff's claims are time-barred. An

appropriate Order will be entered.


DATED:   August 12, 2015

                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge